# LANDMAN CORSI BALLAINE & FORD P.C.

A NEW YORK PROFESSIONAL CORPORATION

ATTORNEYS AT LAW

REBECCA W. EMBRY
MEMBER

TEL: (212) 238-4800
EMAIL: rembry@lcbf.com

120 BROADWAY
27TH FLOOR
NEW YORK, NEW YORK 10271
TELEPHONE (212) 238-4800
FACSIMILE (212) 238-4848
www.lcbf.com

One Gateway Center
4th Floor
Newark, NJ 07102
Tel: (973) 623-2700

One Penn Center
1617 JFK Boulevard, Suite 955
Philadelphia, PA 19103
Tel: (215) 561-8540

December 20, 2018

**By ECF**

Honorable Andrew L. Carter, Jr.
District Judge
United States District Court
Southern District of New York
40 Foley Square, Room 435
New York, NY 10007

   Re: Brandon Sanders v. MakeSpace Labs, Inc.
      1:18-CV-10016-ALC

Dear Judge Carter:

  We represent the defendant MakeSpace Labs, Inc. ("Defendant") in the above-referenced matter. We respectfully write in compliance with Your Honor's Individual Motion Practices to request a pre-motion conference in connection with Defendant's contemplated motion to dismiss in lieu of an answer under Federal Rules of Civil Procedure 12(b)(7) and 19. This is Defendant's first request for a pre-motion conference.

  Plaintiff Brandon Sanders ("Plaintiff") alleges that he was charged with rape by forcible compulsion, sexual assault, aggravated indecent assault without consent, and indecent assault without consent when he was a senior in college in April of 2014. He alleges that he pleaded not guilty, that he rejected offered plea deals, that the rape charge was dismissed, and that a jury found him not guilty of all other charges. Plaintiff allegedly applied for employment with Defendant in May of 2018. Plaintiff asserts that after completing the employment application and interview, Defendant sent Plaintiff an employment offer letter on May 10, 2018, which he accepted on May 14, 2018. On May 17, 2018, Defendant allegedly obtained a consumer report about Plaintiff from Checkr, Inc. ("Checkr"). Plaintiff alleges that according to Checker, Plaintiff had three open criminal charges, and that Checkr adjudicated Plaintiff's employment eligibility as "red" or "Consider" instead of "green" or "Clear." Based on this report, Defendant allegedly removed Plaintiff from hiring consideration. On May 17, 2018, Checkr allegedly sent Plaintiff an email with a copy of the background report. Plaintiff claims that he arrived at MakeSpace Labs on May 21, 2018, to begin training and was prepared to address Checkr's inaccurate reporting. However,

4822-7207-0019v.1

Defendant informed Plaintiff that it would not move forward with his employment based on the report. Plaintiff allegedly disputed the report with Checkr, and in a few days Checkr was able to correct its inaccurate report, and sent a corrected report which did not include any criminal records. Plaintiff contends that he then contacted Defendant to reiterate that that all of the charges were cleared and to provide Defendant with the corrected report, but Defendant did not renew the job offer.

Plaintiff has filed two separate civil actions in the Southern District of New York. He filed this action against Defendant and filed an action against Checkr. *See Brandon Sanders v. Checkr, Inc.*, 1:18-cv-10741-UA (S.D.N.Y. 2018). In both cases, Plaintiff asserts class claims under 15 U.S.C. § 1681b(b)(3) for failure to provide the required disclosure and notification prior to using the background report to take adverse employment action. Both complaints are based upon the same alleged facts and circumstances. Defendant intends to file a motion to dismiss for failure to join a required party under Rules 12(b)(7) and 19(a) or, alternatively, to consolidate these two civil actions.

Checkr is a required party that must be joined under Rule 19(a). In his action against Checkr, Plaintiff asserts that Checkr violated 15 U.S.C. § 1681b(b)(3) by acting as a "user" of the background report Checkr generated because it adjudicated his employment eligibility on Defendant's behalf. Plaintiff alleges that Defendant "hired Checkr to perform adjudications of the background reports it purchased about consumers for employment purposes" and that Checkr adjudicated Plaintiff's eligibility for employment with Defendant, which Defendant then "adopted . . . as its own without any further process afforded to [Plaintiff]." 1:18CV10741-ALC, ECF No. 1 at 5-9. Yet, in this action, Plaintiff alleges that Defendant was the "user" of the background report and thus violated § 1681b(b)(3). These theories of liability are in conflict, as only one person may be considered the "user" of the background report. Thus, in light of the separate action against Checkr for violation of § 1681b(b)(3), failure to join Checkr as a defendant in this action subjects Defendant and Checkr to a substantial risk of incurring inconsistent obligations and permitting Plaintiff to receive double recovery if Defendant and Checkr are both found to have violated § 1681b(b)(3) in the separate actions.

Alternatively, these actions should be consolidated under Rule 42(a). Rule 42(a) grants courts broad discretion to manage their dockets efficiently by expediting trials and eliminating unnecessary repetition and confusion. *In re Joint Eastern and Southern Districts Asbestos Litigation*, 125 F.R.D. 60, 63 (S.D.N.Y. 1989). The court should balance the time and cost savings to the parties, witnesses, and the court against the risks of prejudice and confusion resulting from consolidation against extent to which it can alleviate the risks of prejudice and confusion by giving cautionary instructions to the jury and by controlling the manner in which the claims and defenses are submitted to the jury for deliberation. *Id.* Checkr should be joined to further the interest of judicial economy, especially as these cases could potentially create two separate class action lawsuits that involve the same facts and circumstances, the same evidence, and the same witnesses.

For the foregoing reasons, Defendant respectfully requests a pre-motion conference in connection with Defendant's contemplated motion to dismiss and, in the alternative, to consolidate.

Defendant MakeSpace Labs, Inc. appreciates Your Honor's consideration of this request.

Respectfully,

Rebecca W. Embry

cc: All Counsel by ECF