WEINER & SAND LLC

*3525 Piedmont Road, 7 Piedmont Center*                    *(404) 205-5029*
*3rd Floor*                                        *www.atlantaemployeelawyer.com*
*Atlanta, Georgia 30305*                            *js@atlantaemployeelawyer.com*

December 26, 2018

<u>VIA ECF</u>

Honorable Andrew L Carter, Jr.
District Judge
United States District Court
Southern District of New York
40 Foley Square, Room 435
New York, NY 10007

      Re:    Brandon Sanders v. MakeSpace Labs, Inc.
              Case No. 1:18-cv-10016-ALC

Dear Judge Carter:

Pursuant to the direction of the Court, we write in response to Defendant MakeSpace Lab's December 20th letter requesting a pre-motion conference in anticipation of filing a motion to dismiss or, in the alternative, consolidate this action. (Dkt. 17).

Plaintiff alleges two claims against MakeSpace: (1) a class claim for violation of Section 1681b(b)(3) of the Fair Credit Reporting Act, for terminating his employment based on a background report without giving him notice and an opportunity to dispute the contents of the report; and (2) an individual claim for violation of Section 296.16 of the New York State Human Rights Law, for terminating his employment based on criminal charges that were not pending and were dismissed in Plaintiff's favor. (Dkt. 1).

Plaintiff has filed a separate lawsuit against Checkr, Inc., the consumer reporting agency that sold the inaccurate background report about Plaintiff to MakeSpace. *See Brandon Sanders v. Checkr, Inc.*, 1:18-cv-10741-ALC (S.D.N.Y. 2018). In that lawsuit Plaintiff alleges multiple class claims against Checkr under both the FCRA the New York Fair Credit Reporting Act, as well as an individual claim against Checkr under the NY FCRA.

 In its letter, MakeSpace states its intention to seek dismissal or, in the alternative consolidation because in both lawsuits Plaintiff asserts claims for violation of Section 1681b(b)(3) of the FCRA. MakeSpace asserts that "only one person may be considered the "user" of a background report," and thus the theories of liability in both cases "are in conflict." (Dkt. 17 at 2). This misstates the law. There is no basis in the statutory text or case law that constrains liability under Section 1681b(b)(3) to "only one person." *See Goode v. LexisNexis Risk and Information Analytics Group, Inc.*, 848 F.Supp.2d 532 (E.D.Pa. 2012) ("[A]ny person who takes an adverse action must comply with § 1681b(b)(3), be it a CRA, an employer, or a staffing agency").

MakeSpace and Checkr are separately liable for violating Section 1681b(b)(3) of the FCRA because they each took an "adverse action" against Plaintiff. *Id.* Liability under Section 1681b(b)(3) is premised on any "person"[1] who "take[s] any adverse action in whole or in part" based on a consumer report used for employment purposes. 15 U.S.C. § 1681b(b)(3). As the Court in *Goode* explained:

> In the employment context, an adverse action is a denial of employment or any other decision for employment purposes that adversely affects any current or prospective employee 15 U.S.C. § 1681a(k)(1)(B)(ii). The FCRA definition of adverse action also includes a catch-all clause: any action taken or determination that is (I) made in connection with an application that was made by, or a transaction that was initiated by, any consumer, ...; and (II) adverse to the interests of the consumer. § 1681a(k)(1)(B)(iv).

*Goode*, 848 F.Supp.2d at 538. MakeSpace took an adverse action against Plaintiff when it terminated his employment offer based on the consumer report provided by Checkr. Separately, Checkr took an adverse action against Plaintiff when it adjudicated him as ineligible for employment in the background report it sold to MakeSpace. *See Id.* at 539 ("[A] decision to furnish a report to an employer can be an adverse action. That is the case even though the party taking the adverse action did not have the ultimate authority to make the hiring decision.") These are distinct adverse actions, each of which constitutes an independent violation of the FCRA. *Id.* Checkr is not a required party to this lawsuit under Rule 19(a).

Additionally, MakeSpace argues that there is a risk of "double recovery" by Plaintiff. Again, this misstates well-established law. "There is no right to offset or contribution under the FCRA." *Brim v. Midland Credit Mgmt.*, 795 F.Supp. 2d 1255, 1266 (N.D. Ala. 2011) (citing cases and refusing to reduce the judgment against defendant by amounts plaintiff received against other defendants). Likewise, there is no right to indemnity or contribution between defendants under the FCRA. *See Smith v. Waverly Partners, LLC*, No. 3:10-cv-28, 2011 WL 1655592 (W.D.N.C. Apr. 29, 2011) (rejecting user's indemnification and contribution claims against CRA); *Boatner v. Choicepoint Workplace Solutions, Inc.*, 09-cv-1502-MO, 2010 WL 1838727 (D. Or. May 6, 2010) (dismissing employer's cross-claims for indemnification and contribution against CRA). MakeSpace and Checkr are each separately responsible for their own violations of the FCRA.

Plaintiff filed separate lawsuits against MakeSpace and Checkr because each defendant separately and independently violated the FCRA and New York state laws. Nevertheless, Plaintiff agrees with MakeSpace that both lawsuits will have overlapping witnesses and evidence. For this reason, Plaintiff does not object to consolidating the two actions for pretrial discovery purposes. This will prevent duplicative discovery, including depositions of witnesses and production of documents, and promote judicial economy.

---

[1] The term "person" means any individual, partnership, corporation, trust, estate, cooperative, association, government or governmental subdivision or agency, or other entity. 15 U.S.C. § 1681a(b).

Plaintiff is prepared to proceed as the Court directs, whether by participating in a pre-motion conference or motions practice.

Respectfully submitted,

WEINER & SAND LLC


By: /s/ Jeffrey B. Sand
      Jeffrey B. Sand