UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
BRANDON SANDERS,

                           Plaintiff,

               -against-

MAKESPACE LABS, INC,

                          Defendant.
------------------------------------------------------------------X

**ANSWER**

1:18-cv-10016 (ALC)(DCF)

Defendant MakeSpace Labs, Inc. ("Defendant"), by its attorneys, Landman Corsi Ballaine & Ford P.C., hereby answer the Complaint as follows:

## AS TO THE PRELIMINARY STATEMENT

1. Defendant denies the truth of the allegations contained in paragraph 1 of the Complaint, except admit that Plaintiff has filed this claim.

2. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 2 of the Complaint, except admits that Plaintiff sought employment from Defendant and Defendant ultimately denied Plaintiff employment.

## AS TO THE NATURE OF THE CASE

3. Defendant admits allegations contained in Paragraph 3 to the extent that Plaintiff has brought this action for these alleged violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681, *et seq.* ("FCRA") and the New York State Human Rights Law, N.Y. Exec Law § 290 *et seq.* ("NYSHRL").

4. Defendant avers that Paragraph 4 contains legal conclusions and/or Plaintiff's characterization of his claims and/or abstract statements, to which a response is not necessary. To

the extent that a response is required, Defendant lacks sufficient information to form a belief as to the truth of the allegations contained in Paragraph 4.

5. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 5 of the Complaint, except admits that Defendant denied Plaintiff employment and that Defendant requires standardized background screens on all candidates for hire.

6. Defendant avers that Paragraph 6 contains legal conclusions and/or Plaintiff's characterization of his claims and/or abstract statements, to which a response is not necessary. To the extent that a response is required, Defendant denies the truth of each and every allegation contained in paragraph 6 of the Complaint.

7. Defendant avers that Paragraph 7 contains legal conclusions and/or Plaintiff's characterization of his claims and/or abstract statements, to which a response is not necessary. To the extent that a response is required, Defendant denies the truth of each and every allegation contained in paragraph 7 of the Complaint.

8. Defendant avers that Paragraph 8 contains legal conclusions and/or Plaintiff's characterization of his claims and/or abstract statements, to which a response is not necessary. To the extent that a response is required, Defendant denies the truth of each and every allegation contained in paragraph 8 of the Complaint.

9. Defendant avers that Paragraph 9 contains legal conclusions and/or Plaintiff's characterization of his claims and/or abstract statements, to which a response is not necessary. To the extent that a response is required, Defendant denies the truth of each and every allegation contained in paragraph 9 of the Complaint.

4817-5381-3130v.1

## AS TO JURISDICTION & VENUE

10. Defendant avers that Paragraph 10 contains legal conclusions to which a response is not necessary.

11. Defendant avers that Paragraph 11 contains legal conclusions to which a response is not necessary. To the extent that a response is required, Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 11 of the Complaint.

## AS TO PARTIES

12. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 12 of the Complaint.

13. Defendant denies the allegations contained in paragraph 13, except admits that Defendant regularly conducts business in the State of New York.

## AS TO FACTUAL ALLEGATIONS

14. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 14 of the Complaint.

15. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 15 of the Complaint.

16. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 16 of the Complaint.

17. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 17 of the Complaint.

18. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 18 of the Complaint.

4817-5381-3130v.1

19. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 19 of the Complaint.

20. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 20 of the Complaint.

21. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 21 of the Complaint.

22. Defendant denies the allegation in paragraph 22, but admits that Mr. Sanders applied for employment with Makespace on or around March 2018.

23. Defendant denies the allegation in paragraph 23, but admits that Mr. Sanders was sent an employment agreement on or about May 10, 2018.

24. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 24 of the Complaint.

25. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 25 of the Complaint.

26. Defendant admits the allegation in paragraph 26 of the Complaint.

27. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 27 of the Complaint, but admits that Checkr's report indicated open criminal charges.

28. Defendant admits the allegations in paragraph 28 of the Complaint.

29. Defendant admits the allegations in paragraph 29 of the Complaint.

30. Defendant admits the allegations in paragraph 30 of the Complaint.

31. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 31 of the Complaint.

4817-5381-3130v.1

32. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 32 of the Complaint.

33. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 33 of the Complaint.

34. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 34 of the Complaint.

35. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 35 of the Complaint.

36. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 36 of the Complaint.

37. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 37 of the Complaint.

38. Defendant admits the allegation made in paragraph 38 of the Complaint.

39. Defendant denies the truth of the allegations contained in paragraph 39 of the Complaint.

40. Defendant denies the truth of the allegations contained in paragraph 40 of the Complaint.

41. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 41 of the Complaint.

42. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 42 of the Complaint.

43. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 43 of the Complaint.

4817-5381-3130v.1

44. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 44 of the Complaint, except admits that Plaintiff arrived at Makespace on or about May 21, 2018.

45. Defendant denies the truth of the allegations contained in paragraph 45, except denies knowledge or information sufficient to form a belief as to the truth of the allegations regarding the conversation between Ms. Lu and Mr. Sanders.

46. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 46 of the Complaint.

47. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 47 of the Complaint.

48. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 48 of the Complaint.

49. Defendant denies the truth of the allegations contained in paragraph 49 of the Complaint, except admits that Mr. Sanders provided a court summary to Makespace at some point.

50. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 50 of the Complaint, except admits that Ms. Lyons phoned Mr. Sanders on May 23, 2018 regarding the results of his background check by Checkr.

51. Defendant denies the truth of the allegations contained in paragraph 51 of the Complaint, except admits that Mr. Sanders emailed Ms. Lyons about Checkr's background report.

52. Defendant admits the truth of the allegations in paragraph 52 of the Complaint.

53. Defendant admits the truth of the allegations in paragraph 53 of the Complaint.

4817-5381-3130v.1

54. Defendant denies the truth of the allegations contained in paragraph 54 of the Complaint, except admits that Ms. Lyons included in a response to Mr. Sanders that Makespace would not be reinstating Mr. Sanders' employment.

55. Defendant denies the truth of the allegations contained in paragraph 55 of the Complaint pertaining to Defendant, and denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 55 of the Complaint.

56. Defendant denies the truth of the allegations contained in paragraph 56 of the Complaint.

57. Defendant denies the truth of the allegations contained in paragraph 57 of the Complaint.

58. Defendant denies the truth of the allegations contained in paragraph 58 of the Complaint.

## AS TO CLASS ALLEGATIONS

59. Defendant avers that Paragraph 59 contains legal conclusions and/or Plaintiff's characterization of his claims and/or abstract statements, to which a response is not necessary. To the extent that a response is required, Defendant denies the truth of the allegations contained in Paragraph 59.

60. Defendant denies the truth of the allegations contained in Paragraph 60 of the Complaint.

61. Defendant denies the truth of the allegations contained in Paragraph 61 of the Complaint.

62. Defendant denies the truth of the allegations contained in Paragraph 62 of the Complaint.

63. Defendant denies the truth of the allegations contained in Paragraph 63 of the Complaint.

64. Defendant denies the truth of the allegations contained in Paragraph 64 of the Complaint.

65. Defendant denies the truth of the allegations contained in Paragraph 65 of the Complaint.

## CAUSES OF ACTION
## AS TO COUNT I
## FCRA § 1681b(b)(3) – CLASS CLAIM

65.[1] With respect to the allegations contained in paragraph 65 of the Complaint, Defendants repeats, reiterates, and realleges each and every response contained in paragraphs 1 through 65 of this Answer with the same force and effect as if fully set forth at length herein.

66. Defendant avers that Paragraph 66 contains legal conclusions and/or Plaintiff's characterization of his claims and/or abstract statements, to which a response is not necessary. To the extent that a response is required, Defendant lacks sufficient information to form a belief as to the truth of the allegations contained in Paragraph 66.

67. Defendant avers that Paragraph 67 contains legal conclusions and/or Plaintiff's characterization of his claims and/or abstract statements, to which a response is not necessary. To the extent that a response is required, Defendant lacks sufficient information to form a belief as to the truth of the allegations contained in Paragraph 67.

68. Defendant avers that Paragraph 68 contains legal conclusions and/or Plaintiff's characterization of his claims and/or abstract statements, to which a response is not necessary. To

---

[1] The Complaint repeated the number 65 in its list of allegations; this Answer follows the Complaint in this regard.

the extent that a response is required, Defendant lacks sufficient information to form a belief as to the truth of the allegations contained in Paragraph 68.

69. Defendant avers that Paragraph 69 contains legal conclusions and/or Plaintiff's characterization of his claims and/or abstract statements, to which a response is not necessary. To the extent that a response is required, Defendant lacks sufficient information to form a belief as to the truth of the allegations contained in Paragraph 69.

70. Defendant avers that Paragraph 70 contains legal conclusions and/or Plaintiff's characterization of his claims and/or abstract statements, to which a response is not necessary. To the extent that a response is required, Defendant lacks sufficient information to form a belief as to the truth of the allegations contained in Paragraph 70.

71. Defendant denies the truth of the allegations contained in Paragraph 71.

## AS TO COUNT IV[2]

## N.Y. EXEC LAW § 296.16 – INDIVIDUAL CLAIM

72. With respect to the allegations contained in paragraph 72 of the Complaint, Defendants repeats, reiterates, and realleges each and every response contained in paragraphs 1 through 71 of this Answer with the same force and effect as if fully set forth at length herein.

73. Defendant denies the truth of the allegations contained in Paragraph 73 of the Complaint.

74. Defendant denies the truth of the allegations contained in Paragraph 74 of the Complaint.

75. Defendant denies the truth of the allegations contained in paragraph 75 of the Complaint.

---

[2] The Complaint omitted Counts II and III in its list of allegations; this Answer follows the Complaint in this regard.

76. Defendant denies the truth of the allegations contained in paragraph 76 of the Complaint.

77. Defendant denies the truth of the allegations contained in Paragraph 77 of the Complaint.

78. Defendant denies the truth of the allegations contained in paragraph 78 of the Complaint.

79. Defendant denies the truth of the allegations contained in paragraph 79 of the Complaint.

## AFFIRMATIVE DEFENSES

### FIRST DEFENSE

80. Plaintiff fails to state a claim upon which relief may be granted, either on his own behalf or on behalf of those persons whom he purports to represent.

### SECOND DEFENSE

81. Plaintiff's claims are barred, in whole or in part, by the applicable limitations period.

### THIRD DEFENSE

82. This case may not be maintained as a class action because Plaintiff is not similarly-situated to other individuals he purports to represent.

### FOURTH DEFENSE

83. Plaintiff is unable to meet the criteria necessary to maintain a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure.

4817-5381-3130v.1

## FIFTH DEFENSE

84. Plaintiff's claims are barred, in whole or in part, by the doctrines of laches, estoppel, waiver, unclean hands, and other equitable defenses.

## SIXTH DEFENSE

85. Plaintiff lacks standing to be and is not an adequate representative of the putative class action and, as such, the Court should not authorize notice to be issued or a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure to be maintained.

## SEVENTH DEFENSE

86. This case is not appropriate for class action treatment because the facts and law common to the case, if any, are insignificant compared to the individual facts and issues particular to Plaintiff and to the purported class action members.

## EIGHTH DEFENSE

87. Plaintiff cannot establish or maintain a class action because it cannot be demonstrated that a class action is superior to other methods available for adjudicating any controversy.

## NINTH DEFENSE

88. Plaintiff's claims for damages are barred or limited by Defendant's good faith efforts to comply with applicable law.

## TENTH DEFENSE

89. Plaintiff's claims are barred or should be reduced, in whole or in part, by offsets permissible under the applicable federal and state statutes.

## ELEVENTH DEFENSE

90. Plaintiff cannot establish a willful violation.

4817-5381-3130v.1

## TWELFTH DEFENSE

91. Plaintiff's Complaint fails to state a claim upon which interest, damages, fines, penalties, or attorneys' fees and costs may be awarded.

## THIRTEENTH DEFENSE

92. Defendant's personnel and hiring policies conform to the requirements of all applicable law, including but not limited to, federal laws, as well as the FCRA and the New York State Human Rights Law, and are administrated in a manner that is consistent with Defendant's legal obligations.

## FOURTEENTH DEFENSE

93. The Complaint must be dismissed because Defendant complied with its own established policies and procedures for the prevention and detection of unlawful discriminatory practice and does not condone acts of discriminatory conduct by their employees.

## FIFTEENTH DEFENSE

94. Plaintiff's action against Defendant is barred because there was no practice or procedure by Defendant that caused any of Plaintiff's alleged damages.

## SIXTEENTH DEFENSE

95. Even if any unlawful conduct occurred with regard to Plaintiff, which Defendant denies, that conduct was not the result of purposeful, knowing, willful, deliberate, reckless, oppressive or malicious conduct by Defendant.

## SEVENTEENTH DEFENSE

96. Any adverse action taken by Defendant concerning Plaintiff's employment was for a reasonable business reason and was not based upon discriminatory or other unlawful reasons.

4817-5381-3130v.1

**EIGHTEENTH DEFENSE**

97. All actions taken by Defendant were for reasons solely relating to the legitimate, non-discriminatory interest of Defendant.

**NINETEENTH DEFENSE**

98. Any damages allegedly suffered by Plaintiff, which Defendant denies, were caused solely by Plaintiff's own culpable conduct and not by any alleged culpable conduct of Defendant or anyone acting under its direction or control, and any such damages should be reduced in proportion to the extent they were due to Plaintiff's own culpable conduct.

**TWENTIETH DEFENSE**

99. Plaintiff has failed to mitigate or otherwise act to lessen or reduce the damages alleged in the Complaint.

**TWENTY-FIRST DEFENSE**

100. There is no basis in law or fact for the imposition of punitive damages.

**TWENTY-SECOND DEFENSE**

101. Plaintiff's claim for punitive damages is barred due to Defendant's good faith efforts to comply with applicable laws, regulations and standards of care.

**TWENTY-THIRD DEFENSE**

102. To the extent that Plaintiff seeks punitive damages against Defendant, these damages are improper and unwarranted, not authorized by law, and are unconstitutional under the equal protection clause or the due process clause, or both, as set forth in the United States Constitution and the Constitution of the State of New York.

### TWENTY-FOURTH DEFENSE

103. Plaintiff's claims must be dismissed because Plaintiff failed to exhaust administrative remedies and failed to comply with procedural or administrative conditions precedent to filing a civil action as imposed by the relevant federal and state law.

### TWENTY-FIFTH DEFENSE

104. If the Plaintiff sustained any injuries, loss or damage as alleged in the Complaint, then the same will have been brought about and caused by reason of the negligence, and/or culpable conduct on the part of some other party or persons not under the control of Defendant, including Checkr, and any recovery of the Plaintiff must be diminished in proportion to said negligence and/or culpable conduct.

### TWENTY-SIXTH DEFENSE

105. The Complaint fails to the extent that Plaintiff lacks standing or has not taken action necessary to avail himself of the rights he claims under the FCRA. The alleged damages, if any, are speculative or uncertain and therefore not compensable.

### TWENTY-SEVENTH DEFENSE

106. Plaintiff's claims fail to the extent that Plaintiff's purported damages, which Defendant continues to deny, were the result of acts or omissions of third persons over whom Defendant had neither control nor responsibility.

### TWENTY-EIGHTH DEFENSE

107. Plaintiff's claims fail to the extent that Plaintiff's purported damages were the direct and proximate result of the conduct of Plaintiff or others over whom Defendant had neither control nor responsibility.

4817-5381-3130v.1

## TWENTY-NINTH DEFENSE

108. Any recovery Plaintiff receives is subject to a set off if any damages are awarded against Defendant, in the amount of any damages or settlement amounts recovered by Plaintiff with respect to the same alleged damages. Defendant is also entitled to have any damages that may be awarded to Plaintiff reduced by the value of any benefit or payment to Plaintiff from any collateral source.

## THIRTIETH DEFENSE

109. To the extent the Plaintiff's claims are subject to an Arbitration Agreement requiring mandatory and binding arbitration, this Court lacks subject matter jurisdiction pursuant to the Federal Arbitration Act, 9 U.S.C. § 1, et seq.

## THIRTY-FIRST DEFENSE

110. Plaintiff and the purported class members cannot recover from Defendant as a class action to the extent to which such class recovery would deprive Defendant of its due process rights to assert individualized defenses to claims of class members.

## THIRTY-SECOND DEFENSE

111. Plaintiff's claims, and the claims made on behalf of the purported class, are barred, in whole or in part, to the extent the claims are barred by any previous applicable settlements and/or releases.

## THIRTY-THIRD DEFENSE

112. In addition to the foregoing defenses, Defendant reserves all other defenses available under the FCRA and the New York State Human Rights Law. Defendant retains the right to amend its Answer to raise additional affirmative and other defenses or cross-claims or

15
4817-5381-3130v.1

pursue any available counterclaims against Plaintiff or any putative class member who joins this action as those claims become known during this litigation.

**WHEREFORE**, Defendant hereby requests that the Court:

    (i)    dismiss the Complaint in its entirety with prejudice;

    (ii)    award Defendant its costs and disbursements incurred in this suit;

    (iii)    award Defendant its reasonable attorneys' fees to the full extent permitted by applicable law; and

    (iv)    grant Defendant such other and further relief as the Court may deem just and proper.

New York, New York
Dated: March 14, 2019

Respectfully submitted,

LANDMAN CORSI BALLAINE & FORD P.C.

By: *Rebecca Embry*

Rebecca W. Embry
Daniel Friedman
*Attorneys for Defendant*
120 Broadway, 13th Floor
New York, New York 10271-0079
(212) 238-4800