USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC#: _____
DATE FILED: __12/7/2020__

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| BRANDON SANDERS, | ) |
| Plaintiff, | ) |
| v. | ) C.A. NO. 1:2018-CV-10016 |
| MAKESPACE LABS, INC, | ) |
| Defendant. | ) ORDER DIRECTING NOTICE TO THE SETTLEMENT CLASS |

The Court, having reviewed the Motion for an Order Directing Notice to the Settlement Class and the Settlement Agreement entered by the Parties, hereby ORDERS that:

1. The Court has considered the proposed settlement of the claims asserted in this matter on behalf of the Settlement Class proposed to be certified for settlement purposes and defined as follows:

    All natural persons residing within the United States and its Territories about whom, (i) beginning five (5) years prior to the filing of the Action and continuing through the date of the settlement, (ii) were the subject of a consumer report used by Defendant for employment purposes, (iii) were the subject of an adverse employment action by Defendant, and (iv) were not provided with a copy of the report and/or a written summary of their rights under the FCRA at least five (5) business days prior to the adverse action.

2. Based upon the Court's review, it appears that the settlement is fair, reasonable, and adequate, and that each of the following is true:

    a. the proposed Class Representative, Brandon Sanders, and Class Counsel, Francis Mailman Soumilas, P.C., Weiner & Sand, LLC, and the Law Office of

    Adam G. Singer PLLC, have adequately represented the proposed Settlement Class;

    b. the proposed settlement was negotiated at arm's length;

    c. the relief provided for the Settlement Class is adequate, taking into account:

      i. the costs, risks, and delay of trial and appeal;

      ii. the effectiveness of the proposed method of providing payments to Settlement Class members, including the method of processing class member claims; and

      iii. the terms of the proposed award of attorneys' fees and costs, including timing of payment.

    d. the proposed settlement treats members of the respective Settlement Class equally relative to each other.

  3. Based upon the Court's review, it appears that the prerequisites to a class action under Fed. R. Civ. P. 23(a) have been satisfied in that:

    a. there are approximately 143 Class members;

    b. the claims of the proposed Class Representative Brandon Sanders are typical of the other members of the Settlement Class;

    c. there are questions of law and fact that are common to all members of the Settlement Class;

    d. the proposed Class Representative will fairly and adequately protect the interests of the Settlement Class and has retained Class Counsel experienced in consumer class action litigation who have and will continue to adequately represent the Settlement Class.

4. Based upon the Court's review, it appears that the action is maintainable as a class action under Fed. R. Civ. P. 23(b)(3) because (a) a class action is superior to other available methods for the fair and efficient adjudication of this controversy, and (b) questions of fact and law common to the members of the Class predominate over any questions affecting only individual members.

5. Therefore, the Court will be likely to be able to approve the proposed settlement pursuant to Fed. R. Civ. P. 23(e)(2), and certify the proposed Settlement Class for purposes of judgment on the proposed settlement.

6. The Court has reviewed the proposed manner of giving notice as set forth in the Settlement Agreement and finds that the proposal fully satisfies the requirements of Fed. R. Civ. P. 23 and due process, constitutes the best notice practicable under the circumstances, and shall constitute due and sufficient notice to all persons entitled thereto.

7. No later than ten (10) days of the date of this Order, Defendant shall compile and securely deliver to the Settlement Administrator a class list for the Settlement Class.

8. No later than ten (10) days after the deadline to submit exclusion requests and objections, the Settlement Administrator will cause a declaration to be filed with the Court that the notice of the Settlement was given as required by the Settlement Agreement.

9. The Court will hold a Final Approval Hearing pursuant to Fed. R. Civ. P. 23(e) on **March 29, 2021** , ~~2020~~ *(at least 110 days after entry of Order Directing Notice to the Settlement Classes)* at the U.S. District Court for the Southern District of New York, located at 40 Foley Square, New York, NY, Courtroom 1306 at __10:00__ , a.m. for the following purposes:

      a. To determine whether the proposed settlement is fair, reasonable and adequate and should be granted final approval by the Court;

      b. To determine whether a final judgment should be entered dismissing the claims of the Settlement Class with prejudice, as required by the Settlement Agreement;

      c. To consider the application of Class Counsel for an award of attorney's fees and expenses; and

      d. To rule upon other such matters as the Court may deem appropriate.

10.     If a Settlement Class Members chooses to opt out of the Settlement Class, such Settlement Class Member is required to submit a request for exclusion to the Settlement Administrator in the manner described in the Settlement Agreement, submitted no later than sixty (60) calendar days of the date of notice. No later than ten (10) business days after the Opt-Out Deadline Date, the Settlement Administrator shall provide to Class Counsel and Defendant's Counsel a complete list of all Settlement Class Members who have properly opted out of the Settlement Class together with copies of the opt out requests.

11.     A Settlement Class Member who does not file timely a request for exclusion shall be bound by all subsequent proceedings, orders, and judgments in this action. Any Settlement Class Member who submits a timely request for exclusion may revoke his or her request for exclusion by submitting to the Settlement Administrator a written statement of revocation, postmarked or received no later than fourteen (14) days before the date of the Final Approval Hearing. <span style="color:red">This shall be clearly stated in the long form notice.</span>

12.     Any Settlement Class Member who does not opt out, but who instead wishes to object to the Settlement or any matters as described in the Notices, may do so by filing with the

Clerk of Court, and serving on Class Counsel and Defense Counsel, a notice of their intention to object, which shall include the following: the caption of the Litigation; the full name, address and telephone number of the Class Member objecting to the Settlement; a detailed statement of each objection asserted, including the grounds for objection and reasons for appearing and being heard, together with any documents such Class Member wishes to be considered in support of the objection; the identity of all counsel who represent the objector, including any former or current counsel who may be entitled to compensation for any reason related to the objection to the Settlement or Fee Petition; any and all agreements that relate to the objection or the process of objecting—whether written or oral—between objector or objector's counsel and any other person or entity; the identity of all counsel representing the objector who will appear at the Final Approval Hearing; and, all relief sought. Objections must be mailed so that they are postmarked no later sixty (60) calendar days after the date of the notice. Objections to Settlement Class Counsel's attorneys' fees may be supplemented up to ~~seven (7)~~ fourteen (14) days after the filing of a motion for such fees to address additional information or materials in the motion. The objection and any supplement must indicate whether the Class member and/or his attorney(s) intends to appear at the Final Approval Hearing.

13. Any attorney who intends to appear the Final Approval Hearing must enter a written Notice of Appearance of Counsel with the Clerk of Court no later than ten (10) business days before the Final Approval Hearing.

14. All briefs, memoranda, petitions and affidavits to be filed in support of an award of attorneys' fees and expenses shall be filed no later than ~~ten (10)~~ twenty-one (21) days prior to the deadline for class members to make objections, or within another time set by the Court.

15. All briefs, memoranda, petitions and affidavits to be filed in support of final approval of the Settlement shall be filed no later than ten (10) days prior to the Final Approval Hearing, or within another time set by the Court.

16. The Court retains exclusive jurisdiction over this action to consider all further matters arising out of or connected with the Settlement Agreement.

BY THE COURT:

_____
HON. ANDREW L. CARTER, JR.
U.S.D.J.

Dated: December 7, 2020