UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| BRANDON SANDERS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. NO. 1:2018-CV-10016 |
| | ) | |
| MAKESPACE LABS, INC, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |
| | ) | |
| | ) | |
| | ) | |

MEMORANDUM OF LAW IN SUPPORT OF
PLAINTIFF'S MOTION FOR ATTORNEYS' FEES
<u>AND REIMBURSEMENT OF EXPENSES</u>

**FRANCIS MAILMAN SOUMILAS, P.C.**
JAMES A. FRANCIS (*pro hac vice*)
LAUREN KW BRENNAN (*pro hac vice*)
1600 Market Street, Suite 2510
Philadelphia, PA 19103

**WEINER & SAND LLC**
JEFFREY B. SAND (*pro hac vice*)
800 Battery Ave., Suite 100
Atlanta, GA 30339

**LAW OFFICE OF ADAM G. SINGER, PLLC**
ADAM SINGER
60 E 42nd Street, Suite 4600
New York, NY 100165

## <u>TABLE OF CONTENTS</u>

<u>**Page**</u>

TABLE OF AUTHORITIES ............................................................................................ii

I.      INTRODUCTION ...........................................................................................1

II.     PROCEDURAL HISTORY ............................................................................2

III.    CLASS COUNSEL'S FEE REQUEST SHOULD BE APPROVED AS FAIR
        AND REASONABLE .....................................................................................3

        A.      A Lodestar Analysis Demonstrates That The Fee Requested Is Reasonable ..........4

                1.      Hours Expended ...........................................................................5

                2.      Hourly Rates .................................................................................5

        B.      Class Counsel's Expenses Are Reasonable And Should Be Reimbursed.............10

        C.      The Absence Of Objections Reinforces The Fairness Of The Requested
                Award ..........................................................................................10

IV.     CONCLUSION ..............................................................................................10

# TABLE OF AUTHORITIES

**Page(s)**

## CASES

*Barel v. Bank of Am.*,
    255 F.R.D. 393 (E.D. Pa. 2009) .............................................................. 4

*Beckman v. KeyBank, N.A.*,
    293 F.R.D. 467 (S.D.N.Y. 2013) .......................................................... 9

*Berry v. Schulman*,
    807 F.3d 600 (4th Cir. 2015) ............................................................. 6

*Blandina v. Midland Funding, LLC*,
    2016 WL 3101270 (E.D. Pa. 2016) ...................................................... 6

*Blum v. Stenson*,
    465 U.S. 886 (1984) ......................................................................... 5

*Carter v. Shalhoub Management Company Inc.*,
    No. 15-cv-1531 (C.D. Ca. Mar. 15, 2017) .............................................. 6

*Chakejian v. Equifax Info. Servs.*,
    275 F.R.D. 201 (E.D. Pa. 2011) .......................................................... 4

*City of Burlington v. Dague*,
    505 U.S. 557 (1992) ......................................................................... 4

*Flores v. Express Services Inc.*,
    2017 WL 1177098 (E.D. Pa. Mar. 29, 2017) .......................................... 6

*Giddiens v. Infinity Staffing Solutions, Inc.*,
    No. 2:13-cv-7115 (E.D. Pa. Jan. 12, 2016) ............................................ 6

*Goldberger v. Integrated Resources, Inc.*,
    209 F.3d 43 (2d Cir. 2000) ............................................................. 4, 9

*Henderson v. CoreLogic Nat'l Background Data, LLC*,
    2018 WL 1558556 (E.D. Va. Mar. 22, 2018) .......................................... 6

*Hensley v. Eckerhart*,
    461 U.S. 424 (1983) ......................................................................... 5

*In re Indep. Energy Holdings PLC Sec. Litig.*,
    302 F. Supp. 2d 180 (S.D.N.Y. 2003) ................................................. 10

*Jin v. Pacific Buffet House, Inc.*,
   2010 WL 2653334 (E.D.N.Y. June 25, 2010) ........................................................5

*Kelly v. Business Info. Grp., Inc.*,
   No. 2:15-cv-06668-DS ...........................................................................................6

*Patel v. Trans Union, LLC*,
   2018 WL 1258194 (N.D. Cal. Mar. 11, 2018) ........................................................6

*Perry v. Fleet Boston Financial Corp.*,
   229 F.R.D. 105 (E.D. Pa. 2005) .............................................................................4

*Reibstein v. Rite Aid Corp.*,
   761 F. Supp. 2d 241 (E.D. Pa. 2011)......................................................................4

*Stokes v. RealPage, Inc.*,
   C.A. No. 15-1520 (E.D. Pa. Feb. 6, 2018) .............................................................6

*Taylor v. GfK Custom Research, LLC*,
   No. 1:16-cv-09968-ER (S.D.N.Y.)......................................................................7, 9

*In re Veeco Instruments Inc. Sec. Litig.*,
   2007 WL 4115808 (S.D.N.Y. Nov. 7, 2007)...........................................................9

*White v. Experian Info. Solutions*,
   2014 WL 1716154 (C.D. Cal. May 1, 2014) ..........................................................8

## STATUTES & FEDERAL RULES

Fair Credit Reporting Act 15 U.S.C. § 1681, *et seq.* ..........................................2, 4, 8, 9

   15 U.S.C. § 1681b(b)(3) ........................................................................................2

   15 U.S.C. § 1681n(a)(3), 1681o(a)(2) ...................................................................4

   Fed. R. Civ. P. 23(h)..............................................................................................3

## OTHER AUTHORITIES

7B Charles Alan Wright, Arthur R. Miller, Mary Kay Kane, *Federal Practice and
   Procedure* § 1 803 (3d ed. 2005).............................................................................4

2014 National Law Journal.............................................................................................7, 8

Posner, *Economic Analysis of Law* (4th ed. 1992) ........................................................9

## I.      **INTRODUCTION**

Plaintiff Brandon Sanders (the "Class Representative"), by the undersigned counsel, petitions this Court for approval of an award of attorneys' fees and reimbursement of litigation expenses in accordance with the Settlement Agreement in this matter, now pending final approval.

Class Counsel have devoted their time, skill, and resources to this matter wholly contingent upon a successful outcome, taking significant risks to obtain the result for the Class. Their efforts have achieved a successful outcome and have resulted in settlement benefits for the Class, in the form of cash payments, without the need to take any action. Furthermore, the settlement preserves the rights of some class members to bring any individual claims that they may have.

In addition to funds paid to the Class under the Settlement Agreement, Defendant has agreed to pay Plaintiff's reasonable attorneys' fees, costs and out-of-pocket expenses not in excess of $225,000.00 as awarded by this Court; has separately funded the costs of notice and settlement administration; and, subject to court approval. *See* ECF No. 66-1 at §§ 9.1, 2.4, 2.12.

Class Counsel now, as compensation for their achievement and effort, and for accepting the risk that there would be no recovery if they were not successful, request this Court to approve the portion of the settlement providing for attorneys' fees of and expenses. Plaintiff seeks approval of fees and expenses in the amount of $225,000.00. Given counsel's lodestar of $326,056.75, as well as the $15,611.96 in unreimbursed expenses, the award sought here is eminently reasonable.

As detailed below, Class Counsel's efforts and risks clearly justify the requested award of fees and reimbursement of expenses. In support of their application approving payment for fees and reimbursement of costs and expenses, Class Counsel relies upon the Declarations of counsel summarizing Class Counsel's time and the expenses incurred on behalf of the Plaintiff and Classes. *See* Declaration of James Francis ("Francis Dec."); Declaration of Jeff Sand ("Sand Dec."); Declaration of Adam Singer ("Singer Dec.").

The reaction of the Classes further supports the request for fees and expenses.  The Notice provided to Class members expressly informed them that Class Counsel would apply for an award of attorneys' fees and expenses not to exceed $225,000.00, based upon their lodestar and not as a percentage of recovery. To date, no Class member has objected to the fee requested, which evidences both a satisfactory result and a reasonable fee.

## II.     PROCEDURAL HISTORY

The settlement in this matter is the result of significant discovery, litigation, and settlement negotiations.  This case was undertaken and pursued on a contingent basis and represented a significant financial risk for Class Counsel.  Plaintiff brought this case as a consumer class action under the Fair Credit Reporting Act, 15 U.S.C. §§ 1681 *et seq*. ("FCRA"), brought on behalf of applicants for employment whom MakeSpace denied employment based on consumer reports and did not provide them with the FCRA's required pre-adverse action notice, including a copy of the consumer report and an opportunity to dispute that report, before a denial of employment.  15 U.S.C. § 1681b(b)(3).

Plaintiff filed his Complaint on October 30, 2018. (ECF No. 1).  Defendant responded to the Complaint with a Letter Motion requesting to file a motion to dismiss.  (ECF No. 17).  Plaintiff responded to this letter motion.  (ECF No. 18).  After a Pre-Motion Conference with the Court and additional conferrals with Plaintiff's counsel, MakeSpace agreed to withdraw their request to file a motion to dismiss.  (ECF No. 22).  MakeSpace filed its Answer on March 14, 2019.  (ECF No. 26).

The Court issued its Scheduling Order on April 23, 2019.  (ECF. No. 33).  The Parties immediately began substantive discovery, exchanging interrogatories and requests for production of documents, and conducting depositions.  This discovery included Plaintiff filing a Letter Motion

in advance of filing a Motion to Compel.  (ECF No. 38).  The Court conducted a hearing on Plaintiff's motion, and granted Plaintiff's motion to compel in its entirety.  (ECF No. 40).  MakeSpace also filed a Letter Motion seeking to compel discovery from Plaintiff.  (ECF No. 45).  Plaintiff responded to this letter motion (ECF No. 46).  After a hearing, the Court denied MakeSpace's motion to compel.  (ECF No. 52).

Following the close of discovery, Plaintiff filed a Motion for Class Certification, which MakeSpace opposed.  (ECF. Nos 48, 49, 53, 54, and 55).

In June 2020, the parties participated in extensive arms-length settlement negotiations, including two days of telephonic mediation with the assistance of experienced mediator; Hon. Diane Welsh (Ret.) of JAMS.  The parties reached an initial agreement on June 18, 2020.  Documenting a formal settlement agreement and related documents took additional time and included the preparation and exchange of drafts and a series of telephone and written negotiations concerning the specific terms and conditions of the agreement and exhibits to the agreement, including the proposed class notices and class forms.  The parties finalized their agreement on July 31, 2020.

As part of their Settlement Agreement, Defendant agreed to pay Plaintiff's reasonable attorneys' fees and costs, not in excess of $225,000.  *See* ECF No. 66-1 at § 9.1.

On August 4, 2020, the Parties submitted A Motion for Settlement for an Order Directing Notice to the Settlement Class.  (ECF Nos. 65-66.).  The Court granted the parties motion on December 7, 2020.  (ECF. No. 70).

### III.   CLASS COUNSEL'S FEE REQUEST SHOULD BE APPROVED AS FAIR AND REASONABLE

Federal Rule of Civil Procedure 23(h) provides: "In a certified class action, the court may award reasonable attorneys' fees and nontaxable costs that are authorized by law or by the parties'

agreement." The Fair Credit Reporting Act ("FCRA") is a fee-shifting statute that mandates the award of attorney's fees and costs to a prevailing party. 15 U.S.C. § 1681n(a)(3), 1681o(a)(2). "The court's authority to reimburse the representative parties...stems from the fact that the class-action device is a creature of equity and the allowance of attorney-related costs is considered part of the historic equity power of the federal courts." 7B Charles Alan Wright, Arthur R. Miller, Mary Kay Kane, *Federal Practice and Procedure* § 1 803, at 325 (3d ed. 2005).

There are two typical methods of calculating attorneys' fees in class actions – the percentage of recovery method and the lodestar method. *See Goldberger v. Integrated Resources, Inc.*, 209 F.3d 43, 47 (2d Cir. 2000). The lodestar method is commonly applied in statutory fee-shifting cases such as the FCRA. *Chakejian v. Equifax Info. Servs.*, 275 F.R.D. 201, 216 (E.D. Pa. 2011), relying on *Reibstein v. Rite Aid Corp.,* 761 F. Supp. 2d 241, 259-60 (E.D. Pa. 2011) ("[B]ecause the damages provision of the FCRA includes such a mechanism for attorneys' fees, courts evaluating attorneys' fees following settlements of FCRA actions have often employed the lodestar method."); *Barel v. Bank of Am.,* 255 F.R.D. 393, 403 (E.D. Pa. 2009); *Perry v. Fleet Boston Financial Corp*., 229 F.R.D. 105, 120-21 (E.D. Pa. 2005). Fee shifting or statutory fee cases provide for mandatory attorneys' fees, thereby penalizing the defendant and rewarding plaintiff counsel for socially beneficial litigation.

A.     **A Lodestar Analysis Demonstrates That The Fee Requested Is Reasonable**

The number of hours reasonably expended in the litigation multiplied by a reasonable hourly rate is strongly presumed to yield a reasonable fee. *City of Burlington v. Dague,* 505 U.S. 557, 562 (1992). The lodestar for counsel here as described in counsel's Declarations is $325,996.75, reflecting over 569.3.3 hours of attorney and paralegal time. *See* Francis Dec. at ¶ 14 ; Sand Dec. at ¶ 12; and Singer Dec. at ¶ 9.

### 1.    Hours Expended

The attorneys, paralegals, and staff who worked on this case all kept detailed, contemporaneous time records of tasks completed, the date the work was completed, and specifying the nature of the work.  *See* Francis Dec. Ex. 2; Sand Dec. Ex. 1; and Singer Dec. Ex. 1.  In support of this motion, Plaintiff's counsel submits a detailed breakdown of the nature of work performed in this case, the attorney performing the work, the amount of time spent, and the hourly rate charged for the tasks.  *Id*.

This submission provides the necessary degree of specificity required in order to evaluate a fee petition.  *See Hensley v. Eckerhart*, 461 U.S. 424, 437, n.12 (1983) (noting that counsel are "not required to record in great detail how each minute of his time was expended," but should "identify the general subject matter of his time expenditures."). The declarations of counsel submitted herewith also sets forth the basis for the division of labor among the attorneys and paralegals in an efficient manner.  *See* Francis Dec. Ex. 2; Sand Dec. Ex. 1; and Singer Dec. Ex. 1.  There was no time for which compensation is now requested in this case that was "excessive, redundant, or otherwise unnecessary."  *Hensley*, 461 U.S. at 433.  All the time submitted was reasonably necessary to achieve the successful outcome for the Plaintiff and the Classes.

### 2.    Hourly Rates

The hourly rates charged for Plaintiff's counsel here are reasonable and appropriate in the New York City legal market and in light of counsel's qualifications and experience.  *See* Francis Dec. at ¶¶ 12-13; Sand Dec. at ¶¶ 10-11; and Singer Dec. at ¶¶ 7-8.  *See, e.g.*, *Blum v. Stenson*, 465 U.S. 886, 896 n.11 (1984) (reasonable hourly rates are determined based upon the market rate "[p]revailing in the community for similar services of lawyers of reasonable comparable skill, experience, and reputation"); *Jin v. Pacific Buffet House, Inc.*, No. 06-cv-579, 2010 WL 2653334, at *1 (E.D.N.Y. June 25, 2010) (citing *Blum* and *Hensley*).

In support of the Francis Declaration and hourly rates charged, Plaintiff's counsel has submitted the August 19, 2020 expert report of Abraham C. Reich, Esquire, analyzing the standard hourly rates charged by Francis Mailman Soumilas, P.C., and finding that the rates charged are at or below the appropriate rates for attorneys with comparable experience within the Philadelphia legal market.  *See* Francis Dec. at Exhibit 3.[1]

Class Counsel's hourly rates have been approved by several courts in recent years.  *See Berry v. Schulman*, 807 F.3d 600, 617 (4th Cir. 2015) (affirming fee award approving hourly rates); *Kelly v. Business Info. Grp., Inc.*,  No. 2:15-cv-06668-DS at Doc. 157 (E.D. Pa. Feb. 1, 2019) (order approving fee award including hourly rates); *Henderson v. CoreLogic Nat'l Background Data, LLC*, No. 3:12-cv-97, 2018 WL 1558556, at *5 (E.D. Va. Mar. 22, 2018) (Novak, J.) (approving hourly rates based upon same expert report); *Patel v. Trans Union, LLC*, No. 14-cv-00522-LB, 2018 WL 1258194, at *7 (N.D. Cal. Mar. 11, 2018) (approving requested hourly rates enhanced to reflect San Francisco legal market); *Stokes v. RealPage, Inc.*, C.A. No. 15-1520 (E.D. Pa. Feb. 6, 2018) (Doc. 65) (approving requested hourly rates); *Flores v. Express Services Inc.*, 2017 WL 1177098, at *4 (E.D. Pa. Mar. 29, 2017) (approving hourly rates and granting multiplier of 4.6); *Carter v. Shalhoub Management Company Inc.*, No. 15-cv-1531 (C.D. Ca. Mar. 15, 2017) (Doc. 69) (granting firm's fee petition in full); *Blandina v. Midland Funding, LLC,* 2016 WL 3101270, *7-8 (E.D. Pa. 2016) (approving hourly rates and granting fee request in full); *Giddiens v. Infinity Staffing Solutions, Inc.*, No. 2:13-cv-7115 (E.D. Pa. Jan. 12, 2016) (Doc. 36) (same).

---

[1]     Mr. Reich has practiced law for over 30 years, and as Co-Chair and Partner of his firm, he is particularly knowledgeable regarding the applicable Philadelphia market billing rates for civil litigation in the Eastern District of Pennsylvania, as he has had direct involvement in setting and establishing the hourly rates charged by the partners and associates of Fox Rothschild, LLP. Francis Dec. at Exhibit 3.  Mr. Reich's analysis also accounts for the experience and specialization of Francis Mailman Soumilas attorneys in the practice of fair credit reporting litigation.  *Id.*

In order to account for differences between the legal markets of Philadelphia and New York City, the attorneys and paralegals of Francis Mailman Soumilas have increased their rates by 35%. This adjustment is reasonable in light of the differences in rates between attorneys within the Southern District of New York and Philadelphia attorneys reported in the 2017 and 2014 National Law Journal Billing Surveys, attached hereto as Exhibits 4 and 5 to the Francis Declaration. In 2017, of the nine Philadelphia-based firms, the average partner billing rate was $622, compared to $747 for partners in the twenty-one New York City firms which submitted comparable data.[2] For the same firms, associates averaged a rate of $379 at Philadelphia based firms, compared to $500 for New York firms. *See* Francis Dec. at ¶ 13. In 2014, there were eight Philadelphia firms, which reporting comparable data, for an average partner rate of $576 and an average associate rate of $353. *Id*. The twenty-eight New York firms reporting in 2014 averages $883 for partners and $531 for associates. *Id.*

These figures indicate that in recent years New York rates have been approximately 35% to 40% higher than the rates supported in the Philadelphia market. In order to reflect this difference, the instant motion is based upon hourly rates of $897.75 for Mr. Francis, $344.25 for Ms. Brennan, and $263.25 for paralegals working on the case. Francis Dec. at ¶¶ 13-14. This Court has previously approved rates calculated using this same method in a class action in this District. *See Taylor v. GfK Custom Research, LLC*, No. 1:16-cv-09968-ER (S.D.N.Y.) at ECF 42 (declaration supporting fee petition), ECF 46 (July 24, 2019 order approving full fee request).

With respect to Weiner & Sand LLC, this motion is based upon Mr. Sand's standard hourly rate of $450 in the Atlanta, Georgia market. *See* Sand Dec. at ¶ 11. To account for the difference

---

[2]     Several firms reported only associate rates, or only partner rates, and have therefore been omitted from this analysis, as detailed in paragraph 13 of the Francis Dec.

in the legal market rates between Atlanta and New York City, Mr. Sand has increased his rate by 26%. This adjustment is reasonable in light of the differences in rates between attorneys within the Southern District of New York and Atlanta attorneys reported in the 2017 and 2014 National Law Journal Billing Surveys, attached hereto as Exhibits 2 and 3 to the Sand Declaration. In 2017, of the six Atlanta-based firms, the average partner billing rate was $550, compared to $747 for partners in the twenty-one New York City firms which submitted comparable data.[3] In 2014, there were eight Atlanta firms, which reporting comparable data, for an average partner rate of $560. *Id.* at ¶6(c). The twenty-eight New York firms reporting in 2014 averages $883. *Id.*

These figures indicate that in recent years New York rates have been approximately 26% to 37% higher than the rates supported in the Atlanta market. In order to reflect this difference, the instant motion is based upon hourly rates of $585.00 for Mr. Sand. Sand Dec. at ¶¶ 11-12.

There has not been any alteration or deviation from the firms' hourly rates to account for the added complexity or increased risk factor of this action. The attorneys concentrate their practice in the area of consumer protection litigation, and Francis Mailman Soumilas has been recognized as FCRA specialists with substantial experience in class action litigation. *See, e.g. White v. Experian Info. Solutions,* No. 05-01070, 2014 WL 1716154, at *13, 19, 22 (C.D. Cal. May 1, 2014) (finding Francis Mailman Soumilas "FCRA specialists" and appointing firm and its team as interim class counsel over objections from competing group because their team's "credentials and experience [we]re significantly stronger in class action and FCRA litigation."). Class Counsel have described their experience in the Declarations of counsel and attachments, including a firm biography of Francis Mailman Soumilas. *See* Francis at ¶¶ 2-9, and Ex. 1; Sand

---

[3]     Several firms reported only associate rates, or only partner rates, and have therefore been omitted from this analysis, as detailed in paragraph 11 of the Sand Dec.

Dec. at ¶¶ 2-7; Singer Dec. at ¶¶ 2-5.

Furthermore, these fees are reasonable in light of the contingent nature of the fee agreement and the fact that none of Plaintiff's counsel has received any payment for their services. As Judge Posner of the Seventh Circuit Court of Appeals has observed:

> A contingent fee must be *higher* than the fee for the same legal services as they are performed. The contingent fee compensates the lawyer not only for the legal services he renders, but also for the loan of those services. The implicit interest rate on such a loan is higher because the risk of default (the loss of the case, which cancels the debt of the client to the lawyer) is much higher than that of a conventional loan.

Posner, *Economic Analysis of Law*, 534, 567 (4th ed. 1992) (emphasis added). A modest increase from counsel's lodestar is permissible in order to compensate for the contingent risk factor. *In re Veeco Instruments Inc. Sec. Litig.*, No. 05-MDL-1695, 2007 WL 4115808, at *10 (S.D.N.Y. Nov. 7, 2007). Increases to the lodestar, also known as a "multiplier," are also intended to reflect counsel's performance. *Goldberger*, 209 F.3d at 47. Courts routinely award multipliers between two and six. *See Beckman v. KeyBank, N.A.*, 293 F.R.D. 467, 481-82 (S.D.N.Y. 2013) (collecting cases). Here, Class Counsel's lodestar of $326,056.75 is actually higher than to the $225,000 fee and cost award requested.[4]

Class Counsel expended substantial time and effort prosecuting this action to a successful completion. The requested fee, therefore, is manifestly reasonable. Furthermore, the requested fee and the manner of its calculation is nearly identical to the fee award approved in another FCRA class action in this court. *See Taylor v. GfK Custom Research, LLC*, No. 1:16-cv-09968-ER (S.D.N.Y.) at ECF 46 (July 24, 2019 order approving full fee request).

---

[4] As described above, this lodestar is calculated using rates that have been adjusted upward to reflect the difference between counsels' local rates (in Philadelphia and Atlanta, respectively) and New York City. However, even with no upward adjustment, class counsel's lodestar is $248,304.00, which still exceeds the fee and cost award requested.

**B.** <u>**Class Counsel's Expenses Are Reasonable And Should Be Reimbursed**</u>

The efforts of Class Counsel have resulted in substantial common benefits to the class.  In doing so, Class Counsel incurred out-of-pocket expenses in the aggregate amount of $15,611.46 for filing fees, travel, research, copying, deposition, and mediation costs. *See* Francis Dec. at ¶ 16 and Exhibit 6; Sand Dec. at ¶ 14 and Ex. 1; Singer Dec. at ¶ 6.  These costs are eminently reasonable in light of the nature of the action and the tasks that needed to be performed.  *See In re Indep. Energy Holdings PLC Sec. Litig.*, 302 F. Supp. 2d 180, 183 n.3 (S.D.N.Y. 2003) (award to class counsel may include reasonable out-of-pocket expenses necessary to the representation of the class).

**C.** <u>**The Absence Of Objections Reinforces The Fairness Of The Requested Award**</u>

As indicated above, the notice disseminated to class members stated that Class Counsel would seek an award of the counsel fees and expenses not in excess of $225,000 subject to Court approval.  With the exception of the costs of notice and settlement administration costs paid by Defendant, costs and expenses were borne by Class Counsel to litigate this action.  Out of all the Class members receiving notice, none have raised any objections.[5] This lack of objections is a highly significant indicator of the reasonableness of the request for fees and expenses.

### IV.    <u>CONCLUSION</u>

Under all the circumstances existing here, the request for fees and expenses is entirely reasonable.  For all the foregoing reasons, Plaintiff requests that the Court award counsel their reasonable attorneys' fees and reimbursement of expenses in the total amount of $225,000.00.

---

[5]     Under the Settlement Agreement, Class Members will have an additional fourteen (14) days to submit objections to the requested fee, after this motion is filed and published on the Settlement Website.  To the extent any objections are submitted, they will be addressed at the March 29, 2021 hearing.

Dated:   February 1, 2021                    Respectfully submitted,

                              BY:    /s/ Jeffrey B. Sand
                                     **Weiner & Sand LLC**
                                     Jeffrey B. Sand*
                                     800 Battery Ave, Suite 100
                                     Atlanta, GA 30339
                                     T: (404) 205-5029
                                     F: (866) 800-1482
                                     E: js@atlantaemployeelawyer.com

                                     **Francis Mailman Soumilas, P.C.**
                                     James A. Francis*
                                     Lauren KW Brennan*
                                     1600 Market Street, Suite 2510
                                     Philadelphia, PA 19103
                                     T: 215.735.8600
                                     F: 215.940.8000
                                     E: jfrancis@consumerlawfirm.com
                                     E: lbrennan@consumerlawfirm.com

                                     **Law Office of Adam G. Singer, PLLC**
                                     60 E 42nd Street, Suite 4600
                                     New York, NY 10165
                                     T: 212.842.2428
                                     F: 212.658.9682
                                     E: asinger@adamsingerlaw.com

                                     *admitted pro hac vice*

                                     *Attorneys for Plaintiff and the Class*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| **BRANDON SANDERS,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **C.A. NO. 1:2018-CV-10016** |
| | ) | |
| **MAKESPACE LABS, INC,** | ) | |
| | ) | |
| **Defendant.** | ) | |
| | ) | |
| | ) | |
| | ) | |

**CERTIFICATE OF SERVICE**

I certify that I have filed the foregoing Plaintiff's Memorandum of Law In Support of Plaintiff's Motion for Attorneys' Fees and Reimbursement of Expenses electronically using the Court's CM/ECF System, which will automatically send notice of such filing to all counsel of record.

/s/ *Jeffrey B. Sand*
Jeffrey B. Sand